# THE PEOPLE OF THE STATE OF ILLINOIS, etc.

## v.

# JOHN D. JOHNSON.

1. FAILURE TO RETURN EXECUTION—BREACH OF BOND.—A failure to return an execution within the time fixed by law, is such a breach of official duty as entitles the plaintiff, in a suit on the sheriff's official bond, to recover at least nominal damages.

2. LEVY—DUTY OF SHERIFF.—Where certain property is levied upon at the request of the judgment debtor, it is the duty of the sheriff to take it into his possession and sell it.

3. WAIVER OF EXEMPTION.—If a judgment debtor directs the sheriff to levy upon certain specified property, he thereby waives his right to claim such property as exempt.

ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.   Opinion filed October 2, 1879.

Mr. E. L. SWEET, for plaintiff in error; that a levy upon personal property is *prima facie* satisfaction of the execution, cited Montgomery v. Wayne, 14 Ill. 373.

A party who puts himself upon an issue, admits all the rest: 1 Phillips on Ev. 635; 1 Chitty's Pl. 590; Buggs v. Dorr, 19 Johns, 96.

A plea of *solvit ad diem*, admits the execution of the bond: Sandford v. Hunt, 1 C. & P. 118; Harrison v. Park, 1 J. J. Mar. 172.

Admission in the pleadings may supercede the production in evidence of the instrument sued on: Helmer v. Jones, 3 Dana, 86.

Messrs. SOMERS & WRIGHT, for defendants in error; that it was the province of the jury to find in their verdict, the debt, as well as to assess the damages, cited Frazier v. Laughlin, 1 Gilm. 347.

HIGBEE, J.   This is a suit on the official bond of Johnson as sheriff, for failing to return an execution within ninety days,

for failing to make the money on the execution, and for failing to sell property levied upon by him.

The pleas traverse the several breaches assigned, and aver that defendants in execution had no property subject to execution.

The trial below resulted in favor of defendants, and plaintiff brings the case here by writ of error.

The execution of the bond as alleged in the declaration, is admitted by the pleadings. That the execution was duly issued, placed in the hands of the sheriff for collection, and not returned for nine months thereafter, there is no question. The failure to return the execution within the time fixed by law, is such a breach of official duty as to entitle plaintiff to recover at least nominal damages.

It appears by the evidence in the record, that during the life-time of the execution, and while it was in the hands of the sheriff, one of the defendants, Clark, was in the possession of and claimed to own two gray mares worth $150, two brown mules worth $225, a few cows, a few yearlings, and about fifty or sixty acres of corn.

On the 26th day of March, 1877, the sheriff by his deputy, indorsed a levy upon the two brown mules and two gray mares, but did not take them into possession.

It is claimed by defendants that the mules were taken from Clark after the levy by a chattel mortgage, that was a lien prior to the execution, and that the gray mares were exempt to him as the head of a family.

If the evidence sustains the first claim, it does not the latter. The deputy who made the levy, testifies that the property was turned out to him by Clark, and Clark himself says, that when the levy was indorsed, he was in the possession of the two mules and two gray mares; that the property was not present at the time, but the sheriff demanded property, and he told him to levy on the mules and two gray mares, and he would give him a delivery bond for them. The officer entered the levy and gave Clark a blank delivery bond, which he never executed. Clark also says that the indorsement should have been on two bay mares instead of the grays. That he had a

contract for two bay mares, but did not have them in his possession. His testimony is so disconnected and unsatisfactory, that it is difficult to say from the record before us, just what is intended by it, but from the whole of the evidence, we entertain no doubt that he directed the levy upon the gray mares, and if so, he thereby waived his claim now made, that they were exempt from execution.

After the levy was made at the request of Clark, it was the duty of the officer to have taken the property into his possession and sold it. This he failed to do.

Again, we see no sufficient reason from the evidence, for not levying upon the cattle and corn. For these reasons the judgment is reversed and the cause remanded.

                               Reversed and remanded.